**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| LARISA SOPKA, an individual; DANIELA SOPKA, an individual; and TATYANA SOPKA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHCENTER OWNER LLC, a Delaware limited liability company doing business in the State of Washington; THE CHEESECAKE FACTORY RESTAURANTS, INC., a California corporation doing business in the State of Washington; UNIVERSAL PROTECTION SERVICE, LP, d/b/a ALLIED UNIVERSAL SECURITY SERVICES, a for-profit foreign limited partnership; JOHN AND JANE DOES 1-5, individuals or entities,<br><br>Defendants. | NO. 2:24-cv-00011-BJR<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Demand for Jury Trial |

COMES NOW Plaintiffs Larisa Sopka, Daniela Sopka, and Tatyana Sopka, through their attorneys Darrell L. Cochran, Kevin M. Hastings, Anderw S. Ulmer, and Nicholas A. Gillan of Pfau, Cochran, Vertetis & Amala, PLLC, and Jason G. Epstein of Premier Law Group, PLLC, by way of claim, and allege as follows:

FIRST AMENDED COMPLAINT FOR DAMAGES
Page 1

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

# I.  PARTIES

1. <u>Plaintiff Larisa Sopka.</u>  Plaintiff Larisa Sopka is a resident of Gig Harbor, Pierce County, Washington.  She is the mother of Daniela Sopka and Tatyana Sopka.  On May 31, 2022, Larisa and her daughters visited The Cheesecake Factory, located within the Westfield Southcenter Mall shopping center at 230 Strander Boulevard, Tukwila, WA 98188.  While Larisa dined with her daughters, she was shot by an individual involved in a dispute with other patrons of the shopping center.  In the moments leading up to and following the shooting, Larisa feared for her life, as well as the lives of her two daughters.

2. <u>Plaintiff Daniela Sopka.</u>  Plaintiff Daniela Sopka is a resident of Mill Creek, Snohomish County, Washington.  She is the daughter of Larisa Sopka and the sister of Tatyana Sopka.  On May 31, 2022, Daniela was dining at The Cheesecake Factory with her mother and sister.  She witnessed an armed individual enter the restaurant and witnessed the shooting of her mother, as well as its aftermath.  During this time, Daniela feared for her life, as well as the lives of her mother and sister.

3. <u>Plaintiff Tatyana Sopka.</u>  Plaintiff Tatyana Sopka is a resident of Mill Creek, Snohomish County, Washington.  She is the daughter of Larisa Sopka and the sister of Daniela Sopka.  On May 31, 2022, Tatyana was dining at The Cheesecake Factory with her mother and sister.  She witnessed an armed individual enter the restaurant and witnessed the shooting of her mother, as well as its aftermath.  During this time, Tayana feared for her life, as well as the lives of her mother and sister.

4. <u>Defendant Southcenter Owner LLC.</u>  Defendant Southcenter Owner LLC is a foreign limited liability company organized under the laws of Delaware, with its principal place of business in California.  Defendant Southcenter Owner LLC is registered to do business in the State of Washington under UBI # 604 544 872.  At all times material hereto, and upon information and belief, Defendant Southcenter Owner LLC owned and operated Westfield

FIRST AMENDED COMPLAINT FOR DAMAGES
Page 2

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Southcenter Mall and parking lot located at 2800 Southcenter Mall, Seattle, WA 98188, and it controlled and was responsible for the safety of the shopping center and parking lot.

5. **Defendant The Cheesecake Factory Restaurants, Inc.** Defendant The Cheesecake Factory, Inc. is a foreign for-profit corporation organized under the laws of California, with its principal place of business in California. It is registered to conduct business in the State of Washington under UBI # 602 068 943. At all times material hereto, and upon information and belief, Defendant The Cheesecake Factory Restaurants, Inc. owned and operated the Cheesecake Factory restaurant and parking lot located at 230 Strander Boulevard, Tukwila, WA 98188, and it controlled and was responsible for the safety of the restaurant and parking lot.

6. **Defendant Universal Protection Services, LP, d/b/a Allied Universal Security Services.** Defendant Universal Protection Services, LP ("Defendant Universal") is a for-profit foreign limited partnership. Defendant Universal Protection Service, LP is registered to conduct business in the State of Washington under UBI # 603 382 211. At all times material hereto, and upon information and belief, Defendant Universal did business as Allied Universal Security Services and provided security services at the Westfield Southcenter Mall and The Cheesecake Factory on the Westfield Southcenter Mall premises.

7. **Defendant John/Jane Doe 1-5.** At all relevant times, Defendant John/Jane Doe 1-5 are and were individuals and/or entities who owed the plaintiffs a duty of care to protect them from harm but failed to do so, including but not limited to individuals and/or entities that were responsible for ensuring the restaurant, shopping center, and parking lots were safe for invitees, such as third party security companies and their agents. This lawsuit utilizes generic aliases to name these Defendants because their exact identities are currently unknown to the plaintiff. The purpose of this paragraph, as well as the entirety of this Complaint, is to put Defendants John/Jane Doe 1-5 on notice that they are named as defendants in this lawsuit.

FIRST AMENDED COMPLAINT FOR DAMAGES
Page 3

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## II.  JURISDICTION AND VENUE

8.  <u>Jurisdiction.</u>  This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  None of the Plaintiffs in this action are citizens of the same state of any of the Defendants, and the amount in controversy exceeds $75,000.00.

9.  <u>Venue.</u>  This Court has personal jurisdiction over the Defendants because Defendants are licensed to and regularly do conduct business in Washington; the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated, in part, from Washington; and/or Defendants have sufficient minimum contacts with Washington.

## III.  FACTUAL ALLEGATIONS

10.  Plaintiff realleges the above paragraphs as if fully set forth below.

11.  On May 31, 2022, Plaintiffs were business invitees at The Cheesecake Factory, located on the premises of the Westfield Southcenter Mall in Tukwila, Washington. Plaintiff Larisa Sopka was dining with her daughters, Daniela Sopka and Tatyana Sopka.

12.  While sitting at their table in the restaurant, Plaintiffs noticed a commotion outside the restaurant, in the parking lot of the restaurant and shopping center. Several individuals were in a group and appeared to be in a dispute.

13.  Shortly thereafter, the commotion entered the restaurant. At least one of the individuals was armed.

14.  Plaintiff Daniela Sopka saw that one of the individuals possessed a firearm and quickly warned her mother and sister.

15.  Fearing for their lives and realizing that it would be difficult and dangerous to attempt to leave the restaurant, Plaintiffs took refuge underneath their table at the restaurant.

16.  Shortly thereafter, at least one of the individuals involved in the dispute discharged a firearm.

17.  Plaintiff Larisa Sopka was shot and injured by a bullet fired by one of the individuals. The bullet struck her left leg, fracturing her fibula. Plaintiffs Daniela and Tatyana



Sopka attempted to aid their mother, while still fearing gunshots and being killed. One of the daughters helped Larisa make a tourniquet for her gunshot wound, while the other daughter notified police and emergency medical services of the shooting. During this time, all three Plaintiffs remained in danger and feared for their lives, as chaos erupted in the restaurant.

18. As a result of the shooting, Larisa Sopka now suffers from chronic and potentially permanent nerve damage to her left leg and foot. Larisa has also suffered psychological and emotional injuries from the shooting and the fear that accompanied it, including but not limited to post-traumatic stress disorder, generalized anxiety disorder, and depression. As a result of her physical and psychological trauma, Larisa has developed several phobias and frequently experiences panic attacks. Sopka's injuries have prevented her from continuing her work as a registered nurse practitioner, leading to the loss of wages.

19. As a result of the shooting, Daniela and Tatyana Sopka suffered and exhibit objective symptomology of emotional and psychological injuries from witnessing the shooting of their mother and fearing for their lives, including but not limited to post-traumatic stress disorder, anxiety disorders, and depression.

20. Plaintiffs were innocent bystanders, not the targets of the shooting.

21. Unfortunately, violence and shootings were not new to the premises of Westfield Southcenter Mall and The Cheesecake Factory in Tukwila, WA. Scores of crimes, including assaults, shootings, carjackings, robberies, thefts, and instances of domestic violence had occurred on the premises over the years before May 2022.

22. Defendants each and all knew about the danger of violence and shootings on their premises and knew that the violence and shootings posed a substantial risk of harm to bystanders patronizing their businesses.

23. Defendants affirmatively fostered and supported the creation and maintenance of the dangerous environment on their premises, by failing to mitigate the dangers of violence on their property.

FIRST AMENDED COMPLAINT FOR DAMAGES
Page 5



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

24. Despite the rampant crime and violence occurring on their premises, Defendants failed to take reasonable steps to make their premises safer for those patronizing their services.

25. Defendants failed to implement appropriate security protocols, and any security measures they did implement were insufficient given the nature and extent of the prior crimes occurring on the premises.

26. In fact, one of Defendant The Cheesecake Factory's employees who worked at the restaurant's Tukwila location told local news reporters, "Literally, anyone can walk in and shoot a gun. We don't have security or someone guarding the doors."

27. Defendants were involved with ensuring the safety of The Cheesecake Factory and the Westfield Southcenter Mall premises. Plaintiff identifies John and Jane Does with reasonable particularity, pursuant to the directive of *Powers v. Mobile Services, Inc.*, 182 Wn.2d 159, 339 P.3d 173 (2014), to preserve a cause of action against those individuals or entities who were tasked with ensuring the safety and well-being to business invitees on the premises of The Cheesecake Factory and Westfield Southcenter Mall who acted unreasonably, below the standard of care, in a negligent fashion, to cause Plaintiff's injuries.

### IV.   CAUSES OF ACTION

**COUNT I**
**PREMISES LIABILITY**
**As to all Defendants**
**(Washington Common Law)**

28. Plaintiff incorporates by reference all preceding paragraphs, restating the information contained therein, and further alleges as follows:

29. Plaintiff was a business invitee at The Cheesecake Factory restaurant at Westfield Southcenter Mall.

30. The acts and/or omissions of Defendants herein constitute negligence. Defendants owed Plaintiff a duty to protect her from the reasonably foreseeable criminal conduct of third parties and unreasonably dangerous conditions. Defendants breached this duty,



and the breach was a direct, proximate, and foreseeable cause of Plaintiff's serious and permanently disabling physical, psychological, and emotional injuries, as well as general and special damages, the full extent of these injuries to be proven at trial.

### COUNT II
### NEGLIGENCE
### As to all Defendants
### (Washington Common Law)

31. Plaintiff incorporates by reference all preceding paragraphs, restating the information contained therein, and further alleges as follows:

32. The acts and/or omissions of Defendants constitute negligence, including but not limited to negligent hiring, supervision, and retention of security personnel at Westfield Southcenter Mall and The Cheesecake Factory; the negligent response to the shooting at The Cheesecake Factory; and failure to install proper devices to monitor individuals on the premises, proper security cameras, and other devices. As a direct, proximate and foreseeable cause of Defendants' failure to provide adequate security to prevent criminal and tortious activity and prevent Plaintiff from being attacked and injured, Plaintiff sustained serious and permanently disabling physical, psychological, and emotional injuries, as well as general and special damages, the full extent of these injuries to be proven at trial.

### COUNT III
### COMMON LAW GROSS NEGLIGENCE
### As to All Defendants
### (Washington Common Law)

33. Plaintiff incorporates by reference all preceding paragraphs, restating the information contained therein, and further alleges as follows:

34. The acts and/or omissions of Defendants constitute gross negligence. Defendants failed to exercise even slight care in the hiring, supervision, and retention of security personnel at Westfield Southcenter Mall and The Cheesecake Factory; failed to exercise even slight care in response to the shooting in the Westfield/The Cheesecake Factory parking lot;



and failed to exercise even slight care by failing to install proper devices to monitor individuals on the premises, proper security cameras, and other devices. As a direct, proximate and foreseeable cause of Defendants' failure to exercise even slight care in the prevention of criminal and tortious activity on their premises, Plaintiff Larisa Sopka sustained serious and permanently disabling physical, psychological, and emotional injuries, as well as general and special damages, the full extent of these injuries to be proven at trial.

**COUNT IV**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**As to Defendants**
**(Washington Common Law)**

35. Plaintiff incorporates by reference all preceding paragraphs, restating the information contained therein, and further alleges as follows:

36. Based on the paragraphs set forth and alleged above, Plaintiffs' emotional injuries were foreseeably caused by the negligent conduct of Defendants. Plaintiffs' emotional distress was reasonable, given the circumstances of the shooting of Plaintiff Larisa Sopka. Plaintiffs' emotional injuries caused by the shootings on May 31, 2022, on Defendants' premises were and continue to be manifested by objective symptomology. Therefore, the Defendants' conduct constituted negligent infliction of emotional distress, and Defendants are liable for Plaintiffs' damages proximately caused by their actions as provided in more detail above.

37. The Plaintiffs' proximity to the shooting placed them within the field of danger. Each of the Plaintiffs witnessed the shooting and were forced to take cover from the shots. Each of the Plaintiffs feared for their lives and the lives of their loved ones. The trauma caused by this event continues to negatively impact each of the Plaintiffs up to the present day.

## V.     RESERVATION OF RIGHTS

38. <u>Reservation of Rights</u>. Plaintiff reserves the right to assert additional claims as may be appropriate following further investigation and discovery.

FIRST AMENDED COMPLAINT FOR DAMAGES
Page 8



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## VI.   JURY DEMAND

39. <u>Jury Demand</u>.  Plaintiff demands this case to be tried by a jury.

## VII.   PRAYER FOR RELIEF

40. <u>Relief</u>.  Plaintiff respectfully requests the following relief:

   A. That the Court award Plaintiff appropriate relief, to include all special and general damages established at trial;

   B. That the Court award pre-judgment interest on items of special damages;

   C. That the Court award post-judgment interest;

   D. That the Court award all other damages, including exemplary, under choice of law principles;

   E. That the Court award Plaintiff such other, favorable relief as may be available and appropriate under law or at equity, including costs; and

   F. That the Court enter such other and further relief as the Court may deem just and proper.

FIRST AMENDED COMPLAINT FOR DAMAGES
Page 9

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

SIGNED this 31st day of May, 2024.

**PFAU COCHRAN VERTETIS AMALA PLLC**

By:    s/ Darrell L. Cochran
      Darrell L. Cochran, WSBA No. 22851
      Attorney for Plaintiffs

By:    s/ Kevin M. Hastings
      Kevin M. Hastings, WSBA No. 42316
      Attorney for Plaintiffs

By:    s/ Andrew S. Ulmer
      Andrew S. Ulmer, WSBA No. 54842
      Attorney for Plaintiffs

By:    s/ Nicholas A. Gillan
      Nicholas A. Gillan, WSBA No. 61555
      Attorney for Plaintiffs

**PREMIER LAW GROUP**

By:    /s/ Jason G. Epstein
      Jason G. Epstein, WSBA No. 31779
      Attorney for Plaintiffs

