The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARISA SOPKA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHCENTER OWNER LLC, *et al.*,<br><br>Defendants. | NO. 24-cv-11-BJR<br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

## I. INTRODUCTION

On May 31, 2022, Plaintiffs Larisa Sopka and her two daughters were dining at The Cheesecake Factory at the Westfield Southcenter Mall shopping center in Tukwila, Washington, when an altercation in the restaurant resulted in a shooting. In fear for their lives, Plaintiffs hid under the table, but a bullet struck and injured Larisa. Plaintiffs filed this lawsuit against The Cheesecake Factory and the shopping mall, asserting common law claims of premises liability, negligence, and emotional distress. The owner of the shopping mall, Southcenter Owner LLC ("Southcenter"), asserted crossclaims against The Cheesecake Factory and against Universal Protection Service, LP, d/b/a Allied Universal Security Services ("Allied"). The Cheesecake Factory asserted crossclaims against Southcenter. Currently pending before the Court is Allied's

motion for summary judgment, ECF No. 65, and Allied's motion to exclude testimony of Stephen Newman, ECF No. 66, which is joined by Southcenter, ECF No. 81. Having reviewed the materials[1] and the relevant legal authorities, the Court rules as follows.

## II. BACKGROUND

### A. Factual background

Plaintiffs are Larisa Sopka and her daughters, Daniela Sopka and Tatyana Sopka. Am. Compl. ¶ 1, ECF No. 14. While dining at The Cheesecake Factory at Westfield Southcenter Mall in Tukwila, Washington, they were caught up in a disturbance caused by nearby patrons at the restaurant. *Id.* ¶¶ 11-15. A firearm was discharged, chaos erupted in the restaurant, and Larisa was shot and injured by a bullet that struck her left leg, fracturing her fibula. *Id.* ¶¶ 16-17. Larisa suffers from chronic and potentially permanent nerve damage as well as psychological trauma. *Id.* at ¶ 18. Daniela and Tatyana also suffer from psychological trauma from witnessing their mother's shooting as well as fearing for their own lives. *Id.* ¶ 19.

### B. Procedural background

The Court recently detailed the procedural background of this case in its Order on cross motions for summary judgment filed by Southcenter and Allied. *See* ECF No. 71.[2] The details are largely irrelevant to this motion, and thus, are not repeated here. In brief, Plaintiffs filed their complaint on January 3, 2024, asserting common law causes of action against Defendants, The Cheesecake Factory and numerous alleged owners and operators of the Westfield Southcenter Mall.

[1] Including Allied's summary judgment motion, ECF No. 65; Cheesecake Factory's response in opposition, ECF No. 75; Southcenter's response in opposition, ECF No. 80; Plaintiffs' response in opposition, ECF No. 83; Allied's reply, ECF No. 89; Allied's motion to exclude, ECF No. 66; Southcenter's joinder, ECF No. 81; Cheesecake Factory's response in opposition, ECF No. 73; Allied's reply, ECF No. 90; together with relevant exhibits.

[2] In its Order, the Court granted in part Southcenter's motion for partial summary judgment on Allied's duty to defend and breach of duty to defend. ECF No. 71.

Compl. ¶¶ 1-13, ECF No. 1. After reaching an agreement on the necessary corporate defendants, Plaintiffs filed the First Amended Complaint, the operative complaint, which names Southcenter Owner LLC ("Southcenter"); The Cheesecake Factory Restaurants, Inc. ("The Cheesecake Factory"); and added Defendant Universal Protection Services, LP, d/b/a Allied Universal Security Services ("Allied"). Am. Compl. ¶¶ 4-6. Allied contracted with Southcenter to provide security services at the Southcenter Mall. *Id.* ¶ 6.

Plaintiffs asserted four causes of action against all Defendants: (1) Count I – Premises Liability; (2) Count II – Negligence; (3) Count III – Common Law Gross Negligence; and (4) Negligent Infliction of Emotional Distress. *Id.* ¶¶ 28-37. Defendants also filed crossclaims. ECF Nos. 17-1, 18. By Order issued this same date, the Court has granted The Cheesecake Factory's motion for summary judgment, dismissing Plaintiffs' negligence claims because the restaurant's duty to the Plaintiffs was not triggered by the unforeseeable criminal acts of the unknown shooter.

Allied also moves for summary judgment on Plaintiffs' claims, arguing that it did not owe Plaintiffs a duty to protect them from third-party violence.[3] MSJ, ECF No. 65.

## III. LEGAL STANDARD

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)); Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of identifying portions of the record that demonstrate the absence of a fact or facts necessary for one or more

[3] Allied also argues that there is no evidence that Allied caused Plaintiffs' injuries. MSJ 10.

essential elements of each claim." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020). "If the moving party meets this burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion." *Id.* If the evidence proffered by the opposing party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

## IV. DISCUSSION

Allied primarily argues that it had no duty to protect the Plaintiffs from the shooter. MSJ 11. Plaintiffs argue that Allied exercised control of the property, even if limited in scope by contract, and Allied owed a duty to exercise reasonable care to perform its security obligations under its contract, which it failed to do. Pls.' Opp'n 2-3. Because Plaintiffs' claims are all based on a theory of negligence, which requires a determination that a duty exists,[4] the Court will begin with an analysis of duty as it applies to the facts of this case.

### A. Allied's duty

The determination of whether a duty exists is a question of law. *McKown v. Simon Prop. Grp., Inc.*, 182 Wn. 2d 752, 762 (2015) (citing cases). "Under the *Restatement of Torts*, actors have a duty to exercise reasonable care to avoid the foreseeable consequences of their own actions." *Nunley v. Chelan-Douglas Health Dist.*, 32 Wn. App. 2d 700, 710 (2024) (citing Restatement (Second) of Torts § 281 cmts. c, d (1965)). And the duty to exercise reasonable care includes avoiding exposing another to harm from the foreseeable conduct of a third party. *Id.* (quoting *Washburn v. City of Fed. Way*, 178 Wn. 2d 732, 757 (2013)). But criminal conduct is usually not

---

[4] *See, e.g.*, *Allen v. Phish*, 35 Wn. App. 2d 301, 311, (2025) *review denied sub nom. Allen v. Phish, Inc.*, 5 Wn. 3d 1032 (2026) ("A negligence cause of action 'requires the plaintiff to establish (1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury.'" (quoting *Tincani v. Inland Empire Zoological Soc.*, 124 Wn. 2d 121, 127-28 (1994))).

foreseeable, so "there is generally no duty to prevent third parties from causing criminal harm to others." *Id.*; *see also Barlow v. State*, 2 Wn. 3d 583, 589 (2024) ("The general rule is that people and businesses have no duty to aid or protect others from harm." (citing Restatement (Second) of Torts § 314)).

Plaintiffs contend that Allied owed them a duty because it undertook the provision of security services under its contract with the Southcenter Mall. Pls.' Opp'n 2-3 (citing the Security Services Agreement). Plaintiffs assert that although Allied did not own the premises where the shooting occurred, "they may be liable for third party criminal acts on a property where they provide security services on behalf of a land possessor because they act on behalf of the possessor and have control over security." *Id.* at 12 (citing cases and Restatement (Second) of Torts § 383)). They further argue that Allied's own incident records put them on notice of the risk of violence on the Southcenter Mall premises. *Id.* at 4-5.

In a premises liability action, the test of ownership is "whether one is the 'possessor' of property, not whether someone is a 'true owner' (the titleholder) of property." *Gildon v. Simon Prop. Grp., Inc.*, 158 Wn. 2d 483, 496 (2006) (citation omitted). "To establish the existence of a duty, a plaintiff must show that the defendant possessed the land. . . . [A] 'possessor of land' both occupies the land and controls it." *Saralegui Blanco v. Gonzalez Sandoval*, 197 Wn. 2d 553, 559 (2021) (citation omitted)). "Liability is imposed on the possessor of land and one acting on behalf of the possessor." *Gildon*, 158 Wn. 2d at 497.

Here, The Cheesecake Factory leased its premises from Southcenter, and The Cheesecake Factory retained possession and control over its premises. *See* Tuthill-Kevton Decl., Ex. A, Lease

Agreement, ECF No. 69-1;[5] Townsend Decl. Ex. 1, Security Services Agreement, ECF No. 77-1 (describing Allied's responsibilities for security services); Townsend Decl. Ex. 12, Newman Dep. 46, ECF No. 70-12 (confirming that The Cheesecake Factory was solely responsible for maintaining security inside the restaurant);[6] Townsend Decl. Ex. 1, Singh Dep. 25, ECF No. 70-1 (indicating that Allied's security personnel were not to go into a tenant space unless specifically requested); Townsend Decl. Ex. 4, Marquez Dep. 18-24, ECF No. 70-4 (describing The Cheesecake Factory's physical structure as disconnected from the mall, and explaining that Allied patrolled the Southcenter parking areas, which included The Cheesecake Factory's parking area, and confirming that Allied's security patrol does not include the interior of a tenant space); Townsend Decl. Ex. 16, Levenberg Expert Rpt. 4, 10, ECF No. 70-16 (explaining the Southcenter Mall security program, and stating "None of it applied inside The Cheesecake Factory's own dining room. That space was entirely the restaurant's responsibility.").

The evidence reflects that the shooting incident took place inside the restaurant. *See, e.g.*, La Rosa Decl., Ex. 2, ECF No. 85; Townsend Decl. Ex. 4, Marquez Dep. 49, ECF No. 70-4; Townsend Decl. Ex 12, Newman Dep. 97. Allied had no contractual duty to monitor or patrol the restaurant. Levenberg Rpt. 10. The evidence does not support a finding that Allied had any control over security for the restaurant that would create a duty to protect the Plaintiffs in the restaurant from a criminal act, even if it were foreseeable.

---

[5] The Cheesecake Factory is a free-standing building located on the mall property but not connected to the mall buildings; Cheesecake Factory built and owns the building and leases the underlying pad from Southcenter. *See* Lease Agreement.

[6] The Court notes that the Washington Supreme Court has held that a business does not have a duty to provide security personnel to prevent criminal behavior on the business premises. *Nivens v. 7-11 Hoagy's Corner*, 133 Wn. 2d 192, 206, as amended (Oct. 1, 1997).

Plaintiffs also argue that Allied had an independent duty to use reasonable care in its voluntary undertaking of security services at the Southcenter Mall. Pls.' Opp'n 13-14 (citing *Folsom v. Burger King*, 135 Wn. 2d 658, 676 (1998), and *Osborn v. Mason County*, 157 Wn. 2d 18, 26-29 (2006)). The voluntary rescue doctrine, also known as negligent performance of a gratuitous undertaking, "may arise if a defendant takes steps to assist a person in need and acts negligently in rendering that assistance." *Folsom*, 135 Wn.2d at 675. However, the voluntary rescue doctrine does not apply here because Allied was not contacted regarding the disturbance at the restaurant, nor did Allied employees voluntarily undertake any effort to rescue Plaintiffs from a known danger. *See Folsom*, 135 Wn. 2d at 677 ("The duty to rescue arises when a rescuer knows a danger is present and takes steps to aid an individual in need."); *Ganno v. Lanoga Corp.*, 119 Wn. App. 310, 316 (2003), *as amended on denial of reconsideration* (Mar. 16, 2004) ("Under the voluntary rescue doctrine, a duty to rescue arises when the rescuer knows a danger is present and takes steps to aid an individual in need.").

This Court has determined that the criminal act at issue in this case was not reasonably foreseeable by The Cheesecake Factory. There is no evidence that Allied assumed responsibility for the safety of The Cheesecake Factory customers, there is no evidence that Allied knew or should have known of the specific threat, even though it may have been aware of car thefts or other violent incidents that had occurred at Southcenter Mall in the past, and there is no evidence that Allied failed to respond to a call for assistance. There is no special relationship here between Allied and Plaintiffs, and Allied did not undertake any special responsibility under the circumstances of this case.

Accordingly, the Court will grant Allied's motion for summary judgment on Plaintiffs' negligence claims.[7]

### B. Allied's motion to exclude

Allied moved to exclude The Cheesecake Factory's security expert's testimony and opinions relating to causation. Mot. Exclude, ECF No. 66. Southcenter joined in the motion. ECF No. 81. Stephen Newman opines that Southcenter and Allied failed to implement a reasonable security plan to protect the common areas outside The Cheesecake Factory. *Id.* at 4. Notably, Allied moved to exclude only Newman's opinions that address the element of causation, i.e. his conclusions that deterrence would have prevented the shooter in this case from having brandished and fired a gun inside The Cheesecake Factory Restaurant. *Id.* at 1, 7.

The Court has granted Allied's motion for summary judgment on the basis that it owed no duty to the Plaintiffs. The Court has not addressed the parties' arguments related to causation. As such, the Court declines to address the parties' arguments related to Stephen Newman's causation opinions and denies Allied's motion to exclude, without prejudice, as moot.

## V. CONCLUSION

For the foregoing reasons:

1. Defendant Universal Protection Service's [Allied's] Motion for Summary Judgment, ECF No. 65, is GRANTED.
2. Plaintiffs' claims against Universal Protection Service, LP, d/b/a Allied Universal Security Services, are DISMISSED WITH PREJUDICE.

[7] The Court notes that Allied included a cursory request for summary judgment on their co-Defendants' affirmative defenses against Allied. MSJ 9. While they may indeed be moot, the Court defers consideration of issues not raised substantively in the motion. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) (requiring contentions to be accompanied by reasons in the opening brief). Rather, the parties will be directed to provide a joint status report detailing all remaining issues to be resolved.

3. Universal Protection Service's [Allied's] Motion to Exclude Testimony of Stephen Newman, ECF No. 66, is DENIED WITHOUT PREJUDICE AS MOOT.

4. The parties are directed to confer and provide a short joint status report, no more than 5 pages, detailing the remaining issues to be resolved, including whether any of the pending Motions in Limine require resolution. The joint status report is due on or before November 20, 2026.

5. The pretrial and trial dates previously set are hereby VACATED. The Court will reschedule trial proceedings after reviewing the joint status report.

DATED this 10th day of November 2026.



Barbara Jacobs Rothstein
United States District Judge